Rachel E. Kaufman, CSB# 259353
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LIPP JR., individually and on behalf of all others similarly situated,

*Plaintiff*,

*v.*

GREEN DAY POWER, a California corporation,

*Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Richard Lipp Jr. ("Plaintiff" or "Lipp Jr.") brings this Class Action Complaint and Demand for Jury Trial against Defendant Green Day Power, ("Defendant" or "Green Day Power") to stop the Defendant from violating the Telephone Consumer Protection Act by directing telemarketing text messages to be sent *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and

experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Richard Lipp Jr. is a resident of Chula Vista, California.

2. Defendant Green Day Power is a California corporation headquartered in Sacramento, California. Defendant Green Day Power conducts business throughout this District, California, and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and the venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this District and the wrongful conduct giving rise to this case was directed by the Defendant from this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant

barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.2 billion robocalls were placed in September 2022 alone, at a rate of 139.9 million calls per day. www.robocallindex.com (last visited October 2, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant Green Day Power is a solar and roofing company which provides solar panel installation and related services to consumers across the U.S.[3]

15. Defendant Green Day Power places outbound telemarketing text messages to generate leads of potential consumers to solicit their products and services to the consumers as in the case of Plaintiff Lipp Jr.

16. As part of its telemarketing campaigns to gather consumer leads, Defendant Green Day Power also places unsolicited text messages, offering its services, to phone numbers registered on the National Do Not Call Registry, and to

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/green-day-power/about/

consumers who have never given their consent to receive calls or text messages from the Defendant, like in the case of Plaintiff Lipp Jr.

17. Several consumers have posted complaints online regarding unsolicited telemarketing calls and text messages they received from or on behalf of Defendant Green Day Power including complaints of consumers whose phone numbers are registered on the National Do Not Call Registry, for instance:




Horrible. I have been getting daily calls from an automated voice telling me to stay on the line. I have twice and I am connected to a live person. They ask me about solar and then tell me to hold on while they transfer me to a specialist. The specialist that answered each time I tried was Green Day Power.

They keep calling me and will not stop. They always spoof the phone number they are calling from as well. If a company does business like this, why would you trust them with anything? Calling my cell phone for telemarketing is illegal. Having a recorded greeting call is illegal unless I consent to it. Calling me when I am on the do not call list is illegal.

- Unscrupulous and untrustworthy. That's Green Day Power.[4]



John Long Haul Agnew doesn't recommend Green Day Power.
September 20, 2019 ·

Terrible business. They continue to spam you with calls and texts. I've told multiple sales persons to stop contacting me but they will not stop. Imagine getting 4 calls a week and texts without end from

- this horrible company.[5]
- 
- "They are or hire telemarketers who violate the Do Not Call list."[6]

[4] https://www.facebook.com/greendaypower/reviews/?ref=page_internal
[5] https://www.facebook.com/greendaypower/reviews/?ref=page_internal
[6] *Id.*

- "For the past several weeks I get called multiple times a day by an automated system. On several occasions I've waited until a live person comes on the phone. They then ask me questions about solar. They then transfer me to another person. This person is with Green Day.
  I've asked them multiple times to stop calling me. Last person I spoke with was very rude and insulting. He said that he had no idea why the telemarketing company was transferring calls to them. He said they were doing it because Green Day is a great company.
  I asked them to please have this company stop calling my cell phone over and over again. He laughed and hung up on me.
  I'm seriously questioning why anybody would do business with a company that does business like this. I will take a pass." [7]

## PLAINTIFF LIPP JR.'S ALLEGATIONS

18. Plaintiff Lipp Jr. is the subscriber and the sole user of the phone number ending with xxx-xxx-0339.

19. Plaintiff Lipp Jr. registered his cell phone number on the DNC on November 14, 2021, for the express purpose that he would not receive unsolicited calls or text messages.

20. Plaintiff Lipp Jr.'s number is not held out to the public in connection with a business and is used primarily for personal purposes.

21. In September 2022, Plaintiff Lipp Jr. started receiving unsolicited telemarketing text messages from Defendant Green Day Power using the phone number 916-520-6876. The text messages purported to be in response to Plaintiff's inquiry and solicited their services related to "Solar Energy or Generac Generators,

[7] *Id.*

Roofing". Plaintiff Lipp Jr. does not own a home and did not make any inquiry about "solar energy or generac generators, roofing".

22. On September 29, 2022, at 12:25 PM and at 4:22 PM, Plaintiff Lipp Jr. received solicitation text messages from Defendant Green Day Power using the phone number 916-520-6786 to his cell phone seeking to offer services related to "Solar Energy or Generac Generators, Roofing" on his cell phone.



23. On October 17, 2022, at 9:04 AM, Plaintiff Lipp Jr. received a third solicitation text message from Defendant Green Day Power using the phone number 916-520-6786 to his cell phone seeking to offer services related to "Solar Energy or Generac Generators, Roofing" on his cell phone.




24. On October 17, 2022, at 1:22 PM, Plaintiff Lipp Jr. received a phone call from Defendant Green Day Power using the phone number 619-822-2329 to his cell phone. The employee introduced herself s LaNore, the same name mentioned in the unsolicited text messages. Plaintiff didn't speak to LaNore, he just hung up the phone.

25. 1 minute later, at 1:23 PM on October 17, 2022, Plaintiff Lipp Jr. received a fourth solicitation text message from Defendant Green Day Power using the phone number 916-520-6786 to his cell phone seeking to offer services related to "Solar Energy or Generac Generators, Roofing" on his cell phone.




26. The unauthorized solicitations that Plaintiff received from Defendant, as alleged herein, have harmed Plaintiff Lipp Jr. in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

27. Seeking redress for these injuries, Plaintiff Lipp Jr., on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

28. Plaintiff Lipp Jr. brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

29. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Lipp Jr. anticipates the need to amend the Class definition following appropriate discovery.

30. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received text

messages as part of the same telemarketing campaign resulting in text messages sent to other members of the Class.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant systematically sent, or caused to be sent, multiple text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent;

(b) whether the text messages to Plaintiff and other consumers were sent for telemarketing purposes;

(c) whether Defendant's text messages constitute violations of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his

counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

33. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Lipp Jr. and the Do Not Call Registry Class)**

34. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

36. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

37. Defendant violated 47 C.F.R. § 64.1200(c) by causing to be initiated telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

38. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call and/or text message

in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

39. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in statutory damages for such violations of 47 C.F.R. § 64.1200.

40. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lipp Jr. individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Lipp Jr. as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Lipp Jr. requests a jury trial.

**RICHARD LIPP JR.**, individually and on behalf of all others similarly situated,

DATED this 31st day of October, 2022.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*